596

## *In re* ÁNGEL PIÑERO, Respondent.

No. 85. Argued December 1, 1954.—Decided December 17, 1954.

*E. Díaz Santana* for respondent. *Rafael L. Ydrach Yordán,*
Fiscal of the Supreme Court, for The People.

PER CURIAM.

The *Fiscal* of this Court filed a disbarment proceeding
against Ángel Piñero, attorney-at-law, alleging in part as
follows:

"That on February 8, 1954, in Río Piedras, the said Notary
Angel Piñero, wilfully and knowingly violated the provisions
of an Act 'To Establish a Registry of Affidavits or Declarations
Executed before Notaries and other Officers,' thereby breaking
his notarial oath, by authorizing affidavit No. 20,064 of his
Registry of Affidavits, allegedly executed by Antonio Rivera
Rodríguez, Faustino Cantero Medina, and Gregorio Calderín,
and certifying that the said executing parties are known to
him personally and that they subscribed before him the proper
document, when actually they were not present and the
respondent, Angel Piñero, did not see them sign, did not know
Antonio Rivera Rodríguez nor Gregorio Calderín, and that the
latter's signature was in fact forged.

"That by means of the said affidavit, namely, No. 20,064 of the Registry of Affidavits of the respondent Notary, the affiants subscribed, as principals, a promissory note for the sum of $1,000, plus interest at 5 per centum per annum, to mature February 28, 1959, in favor of the University of Puerto Rico, which institution, relying on respondent's notarial certificate and signature and the obligation assumed by the three presumptive affiants, loaned the sum of $1,000 to Antonio Rivera Rodríguez."

In his answer to the complaint, Piñero accepts the foregoing allegations. He alleges as "New Defenses" the following:

"Respondent contends that for the past 16 years he has practiced his profession of attorney at law and notary in Puerto Rico, with offices in Río Piedras, and that during all those years he has faithfully and dutifully complied with the laws which regulate the practice of that profession; has abided by all Canons of Professional Ethics governing the conduct of attorneys at law; has always shown due respect for the courts of justice and the judicial officers by carrying out the orders and decrees of the courts; has always acted with equanimity and justice in his relations with his colleagues; has been frank, upright, straightforward, and honest with his clients; has always carried out fully and faithfully the commitments entrusted to him; and that his behavior has never been reproached during the many years he has practiced his profession.

"Respondent next alleges that, although it is true that he was not familiar with the signatures of Antonio Rivera Rodríguez and Gregorio Calderín, it is no less true that he knows well the signature of Faustino Cantero Medina, who is his friend, client, and a trustworthy person, and that because of this and relying on the assurance given him by his friend and client, Félix Leard, with respect to the signatures and consent of the other two subscribers, he was led to authorize as Notary the affidavit which is the object of the complaint herein.

"Respondent solemnly assures this Supreme Court that if the University employee who was aware of the invalidity of the document authorized by respondent had called it to his attention, he would have immediately taken the necessary steps

to render his action ineffective and to invalidate the affidavit thus subscribed because he had full confidence in his friend's integrity that the signatures affixed to the document were genuine and expressive of the will and good intention of the subscribers.

"That, for such purposes, as soon as he learned of these facts he contacted Francisco Rivera Brenes, Treasurer of the University of Puerto Rico, and offered to pay him the amount of the loan, to which the latter replied that he would accept nothing because the matter had been referred to the Department of Justice.

"Respondent further asserts that, irrespective of the decision which may be entered herein, he is willing and binds himself to pay; as he previously offered to do, any amount owing to the University of Puerto Rico as a result of the case which has given rise to the complaint herein.

"In view of the foregoing reasons, the respondent respectfully submits his case to this Hon. Court, without setting the same for hearing or being heard, for such decision as may be proper at law and in justice."

In a subsequent motion, Piñero filed two receipts showing that he had personally paid $609.32 and $0.68 as interest, in full payment of the loan, made in favor of Antonio Rivera Rodríguez, which was the object of the document which gave rise to this proceeding.

For the reasons stated in *In re Ardín*, 75 P.R.R. 466, and under all the circumstances of this case, Ángel Piñero will be suspended from the practice of law and as a Notary for the period of one month.

Mr. Justice Negrón Fernández, in conformance with his views expressed in *In re Ardín*, 75 P.R.R. 466, is of the opinion that respondent's suspension should be limited to his practice as notary.

Mr. Justice Belaval did not participate herein.